UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOY PATRICIA ZAWADI NICHOLAS,

                Plaintiff,

-against-

ROAD SYSTEMS, INC.,

                Defendant.
------------------------------------------------------------------------X

Docket No.: 1:22-cv-4339

**NOTICE OF REMOVAL**

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant ROAD SYSTEMS INC. ("RSI") by and through its attorneys, Haworth Barber & Gerstman, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

    1.    On or about August 26, 2021, the above-entitled action was commenced against defendant RSI in New York State Supreme Court, Bronx County. The suit is identified in the Supreme Court as <u>Joy Patricia Zawadi Nicholas v. Road Systems, Inc.</u>, bearing Index No.: 811651/2021E. <u>See</u> Summons and Complaint, attached as **Ex. "A."**

    2.    RSI was served with a Summons and Complaint via Secretary of State of New York on December 24, 2021. <u>Id</u>.

    3.    Defendant RSI filed and served an Answer on February 18, 2022. <u>See</u> **Exhibit "B."**

    4.    Plaintiff's Complaint does not contain a specific demand for relief and it is not facially apparent from the Complaint whether the amount in controversy exceeds the $75,000 threshold, pursuant to 28 U.S.C. §§ 1446. <u>See</u> **Ex "A."**

5. On February 18, 2022, RSI filed and served a demand for a statement of damages pursuant to CPLR §3017 (c). See **Exhibit "C."**

6. On April 27, 2022, plaintiff responded by serving a statement of damages specifying that in this action, plaintiff is claiming an amount "which is no less than Eighteen Million Dollars ($18,000,000)." See **Exhibit "D."** Since it was not facially apparent from plaintiff's Complaint whether the amount in controversy exceeded the $75,000 threshold, pursuant to 28 U.S.C. § 1446(b), RSI can remove the action within thirty days from the date from which it may be first ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

7. The filing of this Notice of Removal is timely because it is made within thirty days of the date from which RSI became aware that this action is removable on the basis of the amount in controversy exceeding the $75,000 threshold, under 28 U.S.C. § 1446(b)(3).

8. There is complete diversity of citizenship between the parties.

9. Based upon plaintiff's Summons and Complaint, plaintiff is a resident of the District of Columbia. See **Ex. "A,"** ¶3.

10. Defendant RSI, Inc. is incorporated in the state of Texas and maintains a principal place of business at 3616 Old Howard County Airport Road, Big Spring, Texas 79720. RSI is therefore a citizen of Texas for diversity purposes.

11. For the purposes of establishing diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business or "nerve center" is located. See 28 U.S.C. § 1332(c)(1); Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012), aff'd, 724 F.3d 337 (3d Cir. 2013).

12. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship.

13. The removal statute now embodied in section 28 of the Judicial Code (U.S. Code, tit. 28, § 71 [28 U.S.C.A. § 71]), providing for removal from the state court to the District Court, authorizes removal at the request of the defendants in all cases in which the District Court has jurisdiction. See Tilly v. Nat'l City Bank of N. Y., 149 Misc. 519, 521, 267 N.Y.S. 667, 669 (Sup. Ct. 1933).

14. Accordingly, as defendant RSI is a resident of Texas, and plaintiff is a resident of the District of Columbia, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 81.1.

15. Additionally, pursuant to 28 U.S.C. § 1446(a) and (d) defendants have served a copy of this Notice of Removal upon all parties, and have filed a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Bronx County.

16. Attached to this Notice of Removal is a copy of all process, pleadings, and orders served upon the defendant in the state court from which this case is to be removed. To date, this includes only the Summons and Complaint, an affidavit of service, and plaintiff's response to RSI's demand for a statement of damages. See **Exhibits "A," "D," and "E".**

**WHEREFORE**, defendant respectfully requests that the action pending in the Supreme Court of the State of New York, Bronx County, bearing Index No. 811651/2021E, be removed therefrom to this Court.

Dated:   New York, New York
         May 26, 2022

                                          HAWORTH BARBER & GERSTMAN, LLC

                                          /s/ Barry Gerstman
                                          Barry Gerstman (BG-3691)
                                          80 Broad Street, 24th Floor
                                          New York, New York 10004
                                          Telephone: (212) 952-1100
                                          Facsimile: (212) 952-1110
                                          Barry.Gerstman@hbandglaw.com
                                          Attorneys for Defendant
                                          Road Systems, Inc.

TO:  *All counsel of record via ECF*

4894-8129-0785, v. 1