Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------------X
JOY PATRICIA ZAWADI NICHOLAS,

                                        Plaintiff,

                 -against-

ROAD SYSTEMS, INC.,

                                   Defendant.
----------------------------------------------------------------------------X

Index No.:
Date Filed:

Plaintiff designates BRONX
County as the place of trial

**SUMMONS**

The basis of venue is
CPLR § 503(a)

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      August 26, 2021

                                   *Daniel B. Linson*
                                   Daniel B. Linson
                                   GERSOWITZ LIBO & KOREK, P.C.
                                   Attorneys for Plaintiff
                                   111 Broadway, 12th Floor
                                   New York, New York 10006
                                   (212) 385-4410

Defendant's Address:
2616 Old Howard County Airport Road
Big Spring, Texas 79720

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X

JOY PATRICIA ZAWADI NICHOLAS,                         Index No.:

                          Plaintiff,                 Date Filed:

          -against-                                  **VERIFIED COMPLAINT**

ROAD SYSTEMS, INC.,

                          Defendant.
-------------------------------------------------------------------------X

Plaintiff, by her attorneys, GERSOWITZ LIBO & KOREK, P.C., as and for her Verified

Complaint, respectfully alleges, upon information and belief:

1.  That on August 26, 2018, Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was a front
    seat passenger in a 2018 Toyota motor vehicle operated by Nakeia K. Barlow traveling
    westbound on New York State Route 17 West, approximately one-half of a mile east of
    the start of the ramp to Exit 61.

2.  That on the aforesaid date and at the aforesaid location, at approximately 9:09 p.m., the
    aforedescribed vehicle struck a BEAT Box Beam Bursting Energy Absorbing Terminal
    end of a box beam guardrail on the north side of the roadway, which guardrail penetrated
    into the vehicle and struck the person of Plaintiff, JOY PATRICIA ZAWADI
    NICHOLAS.

                    **AS AND FOR A FIRST CAUSE OF ACTION**

3.  That at all times herein mentioned, Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was
    and still is a resident of the District of Columbia.

4.  That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. was and still is a
    domestic corporation duly organized and existing by virtue of the laws of the State of New

York.

5.   That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. was and still is a foreign corporation duly authorized to do business in the State of New York.

6.   That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. does and has derived substantial revenue from business conducted in the State of New York.

7.   That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. does and has purposefully availed itself of the benefits of conducting business in the State of New York.

8.   That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. has engaged in a continuous course of business involving either the design, manufacture, marketing, sale, distribution or service of its product within the State of New York.

9.   As a foreign corporation that designed, manufactured, distributed, marketed, sold, repaired, or serviced a product that Plaintiff alleges to be defective, Defendant, ROAD SYSTEMS, INC.  committed a tortious act without the State of New York causing injury to a person within the State of New York and, as such, it should reasonably expected to have consequences within the State of New York.

10.  At all relevant times herein, the BEAT Box Beam Bursting Energy Absorbing Terminal was defectively designed, defectively manufactured, and/or it failed to contain reasonable warnings and warn of specific dangers associated with the product.

11.  At all relevant times, Defendant, ROAD SYSTEMS, INC. was the designer of the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of.

12.  At all relevant times, Defendant, ROAD SYSTEMS, INC. was the manufacturer of the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence

complained of.

13. At all relevant times, Defendant, ROAD SYSTEMS, INC. was the retailer of the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of.

14. At all relevant times, Defendant, ROAD SYSTEMS, INC. placed the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of into the stream of commerce.

15. At all relevant times herein, Defendant, ROAD SYSTEMS, INC. distributed, marketed and/or sold the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of.

16. At all relevant times herein, Defendant, ROAD SYSTEMS, INC. failed to warn of the hazards of the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of.

17. At all relevant times herein, the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of was defectively designed.

18. At all relevant times herein, the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of was defectively manufactured.

19. At all relevant times herein, the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of was negligently installed.

20. At all relevant times herein, the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the occurrence complained of was negligently installed without a sufficient shoulder and/or shoulder slope.

21. At no time was the purchaser and/or installer of the BEAT Box Beam Bursting Energy

Absorbing Terminal involved in the occurrence complained of provided advised, orally or in written form, including in any manuals and/or installation guides, the specifications for a sufficient shoulder and/or shoulder slope.

22. That Defendant, ROAD SYSTEMS, INC., its agents, servants, employees, and/or contractees was negligent, reckless, and careless as follows:

a. Defectively designing the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts involved in the occurrence complained of;

b. Failing to adequately and appropriately design the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts involved in the occurrence;

c. Defectively manufacturing the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts involved in the occurrence;

d. Failing to adequately and competently manufacture the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts involved in the occurrence;

e. Failing to manufacture the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts involved in the occurrence according to the manufacturer's specifications;

f. Failing to design the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts consistent with state-of-the-art technology;

g. Selling a defective the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts;

h. Selling a dangerous the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts;

i. Distributing a defective the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts;

j. Distributing a dangerous the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts;

k. Placing a product, to wit, the BEAT Box Beam Bursting Energy Absorbing Terminal, in the stream of commerce without conducting

adequate and appropriate safety testing;

l.  Failing to recall and/or withdraw the BEAT Box Beam Bursting Energy
    Absorbing Terminal involved in the incident from the market;

m.  Disregarding the safety of users and consumers of the BEAT Box Beam
    Bursting Energy Absorbing Terminal by failing to warn of the BEAT
    Box Beam Bursting Energy Absorbing Terminal potential harm to
    motorists;

n.  Failing to warn motorists of the defects in the BEAT Box Beam Bursting
    Energy Absorbing Terminal involved in the occurrence;

o.  Failing to warn motorists of the dangerous created when a BEAT Box
    Beam Bursting Energy Absorbing Terminal is installed without a
    sufficient shoulder;

p.  Placing and/or permitting the placement the BEAT Box Beam Bursting
    Energy Absorbing Terminal into the stream of commerce without
    warning of the BEAT Box Beam Bursting Energy Absorbing Terminal
    to be harmful to motorists and/or without properly warning of the the
    BEAT Box Beam Bursting Energy Absorbing Terminal dangers;

q.  Concealing from their consumers and end-users their full knowledge and
    experience regarding defects in the BEAT Box Beam Bursting Energy
    Absorbing Terminal;

r.  Concealing from their consumers and end-users their full knowledge and
    experience regarding installation of the BEAT Box Beam Bursting
    Energy Absorbing Terminal;

s.  Failing to fulfill the standard of care required of a reasonable product
    designer and manufacturer by concealing from their consumers and end-
    users their full knowledge and experience regarding defects in the BEAT
    Box Beam Bursting Energy Absorbing Terminal;

t.  Failing to advise Plaintiff and/or the State of New York of the defect(s)
    associated with the BEAT Box Beam Bursting Energy Absorbing
    Terminal;

u.  Failing to properly provide adequate instructions regarding the
    installation of the BEAT Box Beam Bursting Energy Absorbing
    Terminal involved in the occurrence;

v. Breaching the implied warranty of merchantability for the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the incident;

w. Otherwise failing to properly inform Plaintiff of information which was known or should have been known to Defendant about possible risks or hazards associated with the use of the BEAT Box Beam Bursting Energy Absorbing Terminal involved in the incident.

23. That the occurrence herein complained of was an event that does not ordinarily occur in the absence of negligence.

24. That the occurrence complained of was not due to any voluntary action or contribution on part of the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS.

25. That solely by reason of the negligence, recklessness, and carelessness of the Defendant as aforesaid, the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS became sick, sore, lame, bruised, and disabled; received serious permanent and severe injuries in and about diverse parts of her person; experienced great pain and suffering and continues to suffer from said injuries; that the Plaintiff has been informed and verily believes said injuries to be of a permanent nature and the Plaintiff is, and will be, incapacitated for a long period of time, and the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was compelled to and did seek hospitalization, medical aid, attention and treatment and care and will be compelled to do so in the future; that the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS, has sustained a loss of income and will continue to sustain a loss of income and associated and fringe benefits and that the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS has sustained hospital, medical, rehabilitative, and therapy expenses and will in the future continue to sustain same and he was in other ways damaged.

INDEX NO. 811651/2021E
RECEIVED NYSCEF: 08/26/2021

Case 1:22-cv-04339-LGS   Document 1-1   Filed 05/26/22   Page 9 of 16

26. That the occurrence was caused solely by the negligence, recklessness, and carelessness of the Defendant herein, its agents, servants, employees, contractees, and/or distributees, without any negligence on the part of the Plaintiff contributing thereto.

27. That the within action falls within one or more of the exceptions to Article 16 of the <u>Civil Practice Law and Rules</u> including §§ 1602(2)(iv) and (7).

28. That the conduct of the Defendant was of such a wanton and willful nature as to rise to the level of gross negligence and to warrant the imposition of punitive damages.

29. That solely by reason of the foregoing, the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS has been damaged as and for compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter and as and for punitive damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats, realleges, and reiterates paragraphs "1" through "29" with the same force and effect as if more fully set forth herein at length.

31. That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. had a duty to warn of dangers involved in the foreseeable uses of the BEAT Box Beam Bursting Energy Absorbing Terminal aforedescribed.

32. That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. failed to provide adequate warnings with regard to the BEAT Box Beam Bursting Energy Absorbing Terminal aforedescribed.

33. That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. failed to affix adequate warnings accompanying its BEAT Box Beam Bursting Energy Absorbing Terminal detailing the proper installation.

34. That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. failed to exercise reasonable care in warning of the foreseeable dangers in the use and/or misuse of its BEAT Box Beam Bursting Energy Absorbing Terminal.

35. That at all times herein mentioned, Defendant, ROAD SYSTEMS, INC. failed to exercise reasonable care in warning of the foreseeable dangers in the improper installation of its BEAT Box Beam Bursting Energy Absorbing Terminal.

36. That due to the failure to affix or otherwise provide adequate warnings detailing the proper installation of the BEAT Box Beam Bursting Energy Absorbing Terminal and its individual component parts, the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was caused to be gravely injured by the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts as aforedescribed.

37. That the occurrence complained of was not due to any voluntary action or contribution on part of the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS.

38. That the negligence, recklessness, and carelessness of the Defendant, its agents, servants, employees, and/or contractees consisted of those failures, omissions, and affirmative acts as aforementioned, and also consisted of said Defendant's failure to remedy the hazards and dangers posed by the aforementioned use and installation of the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts; failure to remedy the hazards and dangers posed by the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts; failure to warn users including the State

of New York and Plaintiff of the hazards inherent in the presence of the BEAT Box Beam

Bursting Energy Absorbing Terminal; and in other manners, ways and respects,

Defendant, herein, its agents, servants, employees, and/or contractees were negligent,

reckless, and careless in the premises.

39. That solely by reason of the negligence, recklessness, and carelessness of the Defendant

as aforesaid, the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS became sick, sore,

lame, bruised, and disabled; received serious permanent and severe injuries in and about

diverse parts of her person; experienced great pain and suffering and continues to suffer

from said injuries; that the Plaintiff has been informed and verily believes said injuries to

be of a permanent nature and the Plaintiff is, and will be, incapacitated for a long period

of time, and the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was compelled to and

did seek hospitalization, medical aid, attention and treatment and care and will be

compelled to do so in the future; that the Plaintiff, JOY PATRICIA ZAWADI

NICHOLAS has sustained a loss of income and will continue to sustain a loss of income

and associated and fringe benefits and that the Plaintiff, JOY PATRICIA ZAWADI

NICHOLAS has sustained hospital, medical, rehabilitative, and therapy expenses and will

in the future continue to sustain same and he was in other ways damaged.

40. That the within action falls within one or more of the exceptions to Article 16 of the Civil

Practice Law and Rules including §§ 1602(7), 1602(8), and 1602(11).

41. That the conduct of the Defendant was of such a wanton and willful nature as to rise to

the level of gross negligence and to warrant the imposition of punitive damages.

42. That solely by reason of the foregoing, the Plaintiff has been damaged as and for

compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction in this matter and as and for punitive damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation of the within complaint designated paragraphs "1" through "29" and "30" through "42" inclusive with the same force and effect as if hereinafter set forth at length.

44. That the aforedescribed BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts had manufacturing defects.

45. That the aforedescribed BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts had design defects.

46. That the aforedescribed BEAT Box Beam Bursting Energy Absorbing Terminal and/or its parts had assembly defects.

47. That at all relevant times, due to design and/or manufacturing and/or assembly defects, the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts had a potential for causing injury.

48. That at all relevant times, due to design and/or manufacturing defects, the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts should not have been marketed in the condition in which they were in fact marketed.

49. That at all relevant times, the risks involved in the use and/or design of the BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts outweighed said BEAT Box Beam Bursting Energy Absorbing Terminal's usefulness.

50. That the design defect in the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts existed at the time that the BEAT Box Beam Bursting Energy Absorbing Terminal was designed and/or manufactured.

51. That the manufacturing defect in the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts existed at the time that the BEAT Box Beam Bursting Energy Absorbing Terminal was designed and/or manufactured and/or installed.

52. That at all relevant times, due to design and/or manufacturing and/or installation defects, the utility of the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts did not outweigh the risks inherent in marketing it.

53. That at all relevant times, a safer design for the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts was available.

54. That at all relevant times, a safer way to manufacture the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts was available.

55. That at all relevant times, a safer way to install the aforementioned BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts was available.

56. That the defects in the Defendant's BEAT Box Beam Bursting Energy Absorbing Terminal and/or its component parts were a substantial factor in causing the aforementioned injuries to the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS.

57. That the occurrence complained of was preventable had Defendant designed, manufactured, and installed the BEAT Box Beam Bursting Energy Absorbing Terminal utilizing state-of-the-art materials.

58. That the occurrence complained of was not due to any voluntary action or contribution on part of the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS.

59. That solely by reason of the actions and inactions and strict liability of the Defendant as aforesaid, the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS became sick, sore, lame, bruised, and disabled; received serious permanent and severe injuries in and about diverse parts of her person; experienced great pain and suffering and continues to suffer from said injuries; that the Plaintiff has been informed and verily believes said injuries to be of a permanent nature and the Plaintiff is, and will be, incapacitated for a long period of time, and the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS was compelled to and did seek hospitalization, medical aid, attention and treatment and care and will be compelled to do so in the future; that the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS has sustained a loss of income and will continue to sustain a loss of income and associated and fringe benefits and that the Plaintiff, JOY PATRICIA ZAWADI NICHOLAS has sustained hospital, medical, rehabilitative and therapy expenses and will in the future continue to sustain same and he was in other ways damaged.

60. That the within action falls within one or more of the exceptions to Article 16 of the Civil Practice Law and Rules including §§ 1602(7), 1602(8), and 1602(11).

61. That the conduct of the Defendant was of such a wanton and willful nature as to rise to the level of gross negligence and to warrant the imposition of punitive damages.

62. That solely by reason of the foregoing, the Plaintiff has been damaged as and for compensatory damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter and as and for punitive damages in

a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, Plaintiff demands judgment against the Defendant on the First, Second, and Third Causes of Action in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of the within action.

Dated: New York, New York
       August 26, 2021

Yours, etc.,

*Daniel B. Linson*

Daniel B. Linson
GERSOWITZ LIBO & KOREK, P.C.
Attorneys for Plaintiff
111 Broadway, 12th Floor
New York, New York 10006
(212) 385-4410

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF NEW YORK  )

        DANIEL B. LINSON, an attorney duly admitted to practice law within the State of New

York, affirms the following to be true under penalty of perjury:

        That he is associated with the law firm of Gersowitz Libo & Korek, P.C., attorneys for the
Plaintiff herein.

        That he has read the foregoing COMPLAINT and knows the contents thereof.  That the
same is true to his own knowledge except as to the matters therein stated to be alleged upon
information and belief, and as to those matters he believes them to be true.

        Deponent further says that the source of his information and the grounds of his belief as to
all the matters herein not stated upon his knowledge are: Correspondence had with the said Plaintiff
and reports of investigation caused to be made by the Plaintiff which are now in deponent's
possession and other pertinent data relating thereto.

        Deponent further says that the reason why this verification is made by deponent and not by
the Plaintiff is that the Plaintiff does not reside in the County of New York, the County wherein
deponent has his office.

Dated:  New York, New York
        August 26, 2021

                               *Daniel B. Linson*
                               DANIEL B. LINSON